IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | Civil Action 2:06-cr-011(1) |
| v. | : | Judge George C. Smith |
| **MARIO RAYSHAWN WHITE,** | : | Magistrate Judge Elizabeth P. Deavers |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

In an order filed December 5, 2012, the Honorable George C. Smith, United States District Judge, referred this case to the undersigned for the purpose of conducting a final supervised release revocation hearing. The hearing was held December 10, 2012. For the reasons set forth on the record during the hearing, it is **RECOMMENDED** that Defendant's supervised release be revoked; that he be sentenced to a period of **ELEVEN (11) MONTHS OF INCARCERATION**; and that following release from imprisonment, an additional period of **TWO (2) YEARS OF SUPERVISED RELEASE** be imposed with the same conditions previously set by the Court. This written Report and Recommendation memorializes and summarizes the findings and conclusions the undersigned recommended during the hearing.

The parties did not present evidence. The parties had no objections to the factual statements contained in the Supervised Release Violation Report. The undersigned, therefore, adopted the factual statements set forth therein as the Court's finding of fact. Defendant stipulated to the violation of supervised release described in the Report. Specifically, Defendant conceded that he violated Mandatory Condition Number 1, which prohibits him from committing a federal, state or local law and Standard Condition Number 1, which requires Defendant to notify the Probation

Officer within seventy-two hours of being arrested or questioned by a law enforcement officer.[1] Defendant admitted that he violated Standard Condition Number 2 by failing to report to the Probation Office as instructed and failing to submit monthly reports.  Defendant also conceded that he violated Special Condition Number 2 related to his obligation to refrain from use of any controlled substances except as prescribed by a physician and Special Condition Number 1 related to his obligation to participate in a substance abuse treatment program.

The parties had no objections to the probation officer's conclusions regarding the application of the United States Sentencing Guidelines.  The Court, therefore, adopted the conclusions and determined that the applicable advisory Guidelines as follows:

>Classification of Violation per §7 B1.1(a)(3):  Grade  C
>
>Criminal History Category at time of original sentence: Category  III
>
>Imprisonment Range:    5  to 11  months imprisonment
>
>There is no maximum period of Supervised Release

The Court heard arguments of counsel.  Defense counsel spoke to mitigation, noting Defendant's addiction to pain medication and argued for a split sentence involving a residential treatment program such as Alvis House.  Defendant spoke on his own behalf and indicated, among other things, that he was remorseful for his conduct.

The undersigned considered the factors set forth in 18 U.S.C. § 3553(a).  As set forth on the record, the undersigned recognized that the Court shall impose a sentence sufficient, but not greater

---

[1] Defendant did not admit to committing the two instances of domestic violence noted in the Violation Report, asserting that the May 17, 2012 charges had been dismissed and a trial has not yet been held on the September 20, 2012 alleged offenses.  Nevertheless, he conceded that he committed the other crimes outlined in the report and failed to report all of the arrests to the Probation Officer.

than necessary, to comply with the purposes of the law. In considering the nature and circumstances of the offense and the history and characteristics of the Defendant during supervision, the undersigned noted Defendant's repeated failure to report contact with law enforcement personnel particularly when the arrests related to allegations of significant violence.[2] He has failed to participate in any meaningful way with drug addiction treatment and admitted abusing prescription drugs. He has continued to engage in criminal behavior during supervision. In terms of the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, deterrence and to protect the public, the undersigned notes that Defendant must be held accountable for his unacceptable behavior. He has continued to engage in criminal behavior and continues to obtain illicit drugs from illegal sources.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the *Report and*

---

[2] The sentence the undersigned recommends is not based on the notion that Defendant actually committed the alleged assaultive behavior in the dismissed and unproven charges of domestic violence. Rather, the recommended sentence relates to the Court's serious concerns about not reporting the arrests in which Defendant was accused of escalating violent behavior. Failing to report deprived the Probation Office of its ability to supervise Defendant accordingly and make recommendations regarding additional conditions of his release that might have been appropriate.

*Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


**DATE:  December 18, 2012**          */s/  Elizabeth A. Preston Deavers*
                                      **ELIZABETH A. PRESTON DEAVERS**
                                      **UNITED STATES MAGISTRATE JUDGE**